# THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, *v.* JOB JAMES, DEFENDANT.

*City of Syracuse — power of common council to pass ordinances — police justice — one accused of violating a city ordinance entitled to a trial by jury.*

Under the charter of the city of Syracuse, the common council has power to pass an ordinance prohibiting the use of any wagon or other vehicle upon any paved, macadamized or improved street in the city, carrying a weight of 3,000 pounds or upwards, unless the tires of such vehicle are at least three inches in width.

A provision of the charter makes an offense against any ordinance a misdemeanor.

Section 2 of chapter 360 of 1869 provides that the police justice of the city, "while holding courts of Special Sessions, shall, in addition to his other powers, have power to try the following offenses committed within his jurisdiction, viz. : * * * * All violations of the laws and ordinances of the city of Syracuse, when such violation is a misdemeanor."

*Held,* that the police justice, acting as a court of Special Sessions, was governed by all statutory provisions applicable to those courts generally, except as otherwise provided in the charter, and that the accused was entitled to be tried by a jury.

CERTIORARI to review the conviction of the defendant, before the police justice of the city of Syracuse, for a misdemeanor in violating an ordinance of said city.

*M. A. Knapp,* for the plaintiff. The charter of the city of Syracuse confers upon the common council ample authority to make regulations of this character, and the ordinance in question is, therefore, valid. (Charter of Syracuse, §§ 4, 6, 9, tit. 4.) If authority to pass the ordinance in question cannot be inferred from the specific powers granted by the charter, it is amply conferred by this general provision. (Dillon on Mun. Corps., §§ 93, 250–264; *People ex rel. Cox* v. *Justice of Special Sessions,* 7 Hun, 214; *Blazier* v. *Miller,* 10 id., 435; *State* v. *Ferguson,* 33 N. H., 424; *State v. Clark,* 28 [Foster] N. H., 176; *Collins* v. *Hatch,* 28 Ohio, 523; *Williams* v. *Augusta,* 4 Ga., 509; *City of Utica,* 46 How., 165.) The defendant was not entitled to a trial by jury. (*Duffy* v. *People,* 6 Hill, 78; *Williams* v. *City Council of Augusta,* 4 Ga., 506; *Carr* v. *State of Georgia,* 14 id., 358; *Byers & Davis* v. *Commonwealth,* 42 Penn. St., 94; *People ex rel. Murray* v. *Justices of Special Sessions,* Alb. Law J., Sept. 28, 1878.)

*Irving G. Vann,* for the defendant. The presumption is always against the exercise of any unusual power by the corporation, and the burden of showing the authority is upon the corporation, and not upon the person proceeded against. (Dillon, 89; *Hodges* v. *The City of Buffalo,* 2 Denio, 111; *Cowan* v. *Village of West Troy,* 43 Barb., 48.) Any fair, reasonable doubt concerning the existence of the power is resolved by the court against the corporation, and the power is denied. (Dillon on Corp., 102; *Minturn* v. *La Rue,* 23 How. [U. S.], 435; *Thompson* v. *Lee Co.,* 3 Wall., 320; *Thompson* v. *Schimmerhorn,* 6 N. Y., 92; *People* v. *Rochester,* 21 id., 656; Kyd on Corps., 104, 156; Glover on Corps., 297; Rowlinson on Corps., 165.) The right to license

and regulate vehicles carrying merchandise exhausts the power of the common council. It can go no farther upon that subject. The subject of vehicles carrying merchandise being mentioned in the charter, and power being given to license and regulate them, all other powers over them as carriers of merchandise are impliedly excluded. (*Dunham* v. *Trustees of Rochester*, 5 Cow., 462; *The Mayor, etc., of Hudson* v. *Thorne*, 7 Paige, 261; *The Mayor, etc.* v. *Second Ave. R. R.*, 32 N. Y., 261; *The · Mayor, etc.*, v. *Third Ave. R. R. Co.*, 33 id., 42; *Hart* v. *Mayor, etc., of Albany*, 6 Wend., 571; *Babcock* v. *Buffalo*, 56 N. Y., 268; *Mayor, etc., of Rochester* v. *Rood* [Lalor's Supplement], 146; *Mays* v. *City of Cincinnati*, 1 Ohio St., 268; *Commonwealth* v. *Turner*, 1 Cush., 493; *Mt. Pleasant* v. *Breeze*, 11 Iowa, 399; *State* v. *Ferguson*, 33 N. H., 424; *Hayes* v. *City of Appleton*, 24 Wis., 542; *Barling* v. *West*, 29 id., 307; *Gartside* v. *West St. Louis*, 43 Ill., 47; *Nagle* v. *Augusta*, 5 Geo., 546; *Commonwealth* v. *Stadler*, 2 Cush., 562, 568; *Napruan* v. *People*, 19 Mich., 352; *Comm'rs, etc.*, v. *Northern Gas Co.*, 12 Penn St., 318; *Hayden* v. *Nagus*, 5 Conn., 391; *Larned* v. *Trustees of Syracuse*, 5 Wend., 166.) The defendant had a right to a trial by jury. Every person charged with an indictable offense is entitled to be tried by a jury; and not only this, but by a common-law jury of twelve men. This right is secured by the constitution of the State, and cannot be taken away by the Legislature. (*People* v. *Carroll*, 3 Park. Cr., 22; *People* v. *Kennedy*, 2 id., 312; *People* v. *Johnson*, id., 322; *Wynehamer* v. *People*, 13 N. Y., 378, 425, 458, 484; *S. C.*, 2 Park. Cr., 421.) This last case overrules *People* v. *Quant* (2 Park. Cr., 410), and *S. C.* (12 How., 83), and *People* v. *Fisher* (2 Park Cr., 402), and *S. C.* (11 How., 554); Const. of 1846, art. 1, § 2; Const. of 1777, § 41; Const. of 1822, art. 7, § 2.) The Legislature cannot make an offense which was indictable at common law, as all misdemeanors were, triable by a summary proceeding, or subject a person guilty of such an offense to summary punishment, without a trial by jury. (*Warren* v. *People*, 3 Park. Cr., 544; *Hill* v. *People*, 20 N. Y., 363.) This is also the general doctrine in all the States. (*Green* v. *Briggs*, 1 Curtis C. C., 311; *Work* v. *State*, 2 Ohio [W. S.], 296; *Burns* v. *Le Grange*, 17 Texas, 415; *Bullock* v.

*Grambee,* 45 Ill., 218; *Thomas* v. *Ashland,* 12 Ohio [N. S.], 124; Colby's Criminal Law, 137; Barbour's Criminal Law, 586; Bailey on Convictions, 1; Sedgwick's Constitutional Law, 482; *Wood* v. *City of Brooklyn,* 14 Barb., 425; *People* v. *Toyndee,* 20 id., 168, 212; *Warren* v. *People,* 3 Park. Cr., 644; *People* v. *Berberrich,* 11 How., 289, 336.)

SMITH, J.:

The ordinance, for violating which the defendant was convicted, prohibits the use of any wagon or other vehicle upon any paved, macadamized or improved street in the city of Syracuse, carrying a weight of 3,000 pounds or upwards, unless the tires of such vehicle are at least three inches in width, under a penalty of five dollars for each offense. A provision in the charter makes an offense against any ordinance a misdemeanor. (Laws of 1857, chap. 63, tit. 4, § 7.) The defendant contends that the common council, in passing the ordinance referred to, exceeded their powers.

The charter contains no specific grant of the power in question. If the power exists, it is to be found in the general powers over streets and highways, vested in the mayor and common council, who are made commissioners of highways of the city, with the powers of commissioners in towns, supplemented by the power of the common council to make all such ordinances, not in violation of the laws of this State, or of the United States, as they shall deem necessary or proper. (Title 4, § 6.)

Certain rules of construction invoked by the defendant's counsel are well established, to wit: That the charter of a municipal corporation is its constitution, and every act beyond the charter is void; that the presumption is against the exercise of any unusual power by the corporation, and the burden of showing the power is upon the corporation; and that any fair, reasonable doubt concerning the existence of the power will be resolved by the courts against the corporation and the power denied. But if, in the present case, the power in question, although not given in specific terms, is embraced in a general grant of power, the rules above stated do not stand in the plaintiff's way.

There is no subject upon which it is more common for the

Legislature to confer very extensive powers upon municipal corporations than that of streets and public highways within their limits, and the uses to which they may be appropriated. The grant of power on that subject in the charter of Syracuse is very broad. The general authority to regulate, repair and improve streets, as well as to lay out, make and open them (charter, title 4, § 9), in connection with the power of caring for and superintending them, which is vested in the city authorities, as commissioners (1 R. S., 501, § 1), gives, as we think, all needed authority to prevent improper use of the streets, and to adopt reasonable ordinances to that end (2 Dillon on Munic. Corp., 642, § 538, and cases there cited in notes). The ordinance in question is reasonable. Its object is to preserve the surface of the city streets, which have been improved at great expense, from injury by the use of heavily-loaded vehicles. It regulates, but does not prohibit, the use of the streets by vehicles of that description.

The counsel for the defendant contends, however, that as the charter enumerates certain powers upon the subject of carriages or vehicles used to transfer merchandize in the city, this is an implied exclusion of all other authority upon that subject, notwithstanding the general powers above referred to. It is, undoubtedly, a general rule of construction that the enumeration in a charter, of certain powers upon a particular subject, is an implied, exclusion of all other powers upon that subject, even although the charter contains a general clause permitting the common council to pass all such other ordinances as they shall deem proper and necessary. The enumerated powers in the charter of Syracuse, to which the counsel refers, are the following : " To license and regulate cartmen, porters, hack, cab, truck, omnibus and stage owners and drivers, and all carriages or vehicles used for the transportation of passengers or merchandize * * * and fix the rates to be paid to or by them ; to prohibit unlicensed persons from acting in either of such capacities ; * * * and to require the owners to mark carriages or vehicles in such manner as the council may designate." (Title 4, § 4.) These powers are vested in the common council alone. They have no reference to the authority of the mayor and common council to regulate the use of the streets. In respect to such use, persons licensed

have no exclusive or peculiar right. The ordinance in question applies to them as well as to all others using the streets. We think that the adoption of the ordinance under which the defendant was convicted was a valid exercise by the common council of powers included in, or necessarily implied from, their general authority to care for, superintend, regulate and improve the streets. The existence of such powers is as clear as that of the power to pave or macadamize the streets, which is undoubted, but is found only in the same general grant of power over the streets.

A more serious question is raised by the exception taken to the refusal of the police justice to allow the defendant to be tried by a jury. The charter of the city provides that the police justice, while holding courts of special sessions, shall, in addition to his other powers, have power to try certain offenses committed within his jurisdiction, therein specified, including "all violations of the laws and ordinances of said city, when such violation is a misdemeanor." (Laws 1857, ch. 63, title 5, § 3, as amended by Laws 1869, ch. 360, § 2.) As we read the charter, the police justice had no jurisdiction to try the defendant for the offense charged, except as a court of Special Sessions. The counsel for the people takes the position that the right to a jury trial is not secured by the Constitution in cases of misdemeanor, and that the Legislature has power to authorize courts of special sessions to try offenses of that grade, without a jury. It is not necessary to express an opinion as to the correctness of that position, since we think the Legislature has not given such authority to the magistrate by whom this case was tried. Our opinion is that the police justice of Syracuse, acting as a court of special sessions, is to be governed by the provisions of statute applicable to those courts generally, unless the charter has otherwise provided. The charter is silent as to whether a defendant in a court of sessions held by the police justice, may elect to be tried by a jury. Since 1824, that right has existed in all courts of special sessions in the State, except those held in the city and county of New York. (Laws of 1824, ch. 238, § 47.) The present charter of Syracuse, adopted in 1857, preserved in force all the provisions of law then existing, in reference to the police justice of the city, except such as were

inconsistent with that act. We have not been referred to any previous statute which took away the right in question. On the contrary, the earlier statutes indicate very clearly that the courts of sessions held by the police justice were to proceed according to the general statute. The original charter continued the police justice of the village of Syracuse in office as police justice of the city, but made no change in his powers or duties. (Laws 1847, ch. 475, § 22.) The police justice of the village had the powers of justices of the peace in towns. (Laws 1840, ch. 270.) In 1849 it was provided that the police justice of the city might be associated with justices of the peace, in the same manner as any justice of the peace might be, and for the same purposes and with the same effect. (Laws 1849, ch. 236, § 7.) That provision seems to imply that at that time the police justice could not hold a court of special sessions alone. Five years later the police justice was authorized to try and dispose of, *according to law*, all complaints before him of offenses of the degree of misdemeanor or less. (Laws 1854, ch. 305, § 5.) By the same act it was provided that such complaints should not be removed to any other court for trial, and that bail should not be interposed or received therein, except to insure the attendance of the person arrested, before the police justice, at a future day of trial. (Id.) But it was not provided that the trial should be without a jury; on the contrary, the provision that the justice was to proceed according to law had reference to the law then existing respecting the trial of similar complaints, not removed to the Court of General Sessions. That meaning is made quite clear by the amendment of 1869, already referred to, which gives the police justice power to try certain enumerated offenses while holding courts of special sessions. It is not necessary to decide whether the Legislature has power to direct that all complaints for misdemeanor shall be tried before a court of special sessions held by a single justice, without a jury; but in view of the uniform course of legislation to the contrary, an intent to interfere to that extent with the rights that have heretofore been secured to persons charged with offenses of that grade ought not to be adjudged except upon clear and unambiguous language. Before the act of 1824, as well as since, the accused had the right to remove his

case to the general sessions, where he would have the right to be tried by a common law jury. The same right exists in New York, where, as has been said, no jury is allowed in the special sessions. The statute which was the subject of adjudication in *The People ex rel. Stetzer* v. *Rawson* (61 Barb., 619), cited by the counsel for the prosecution, which gave to the courts of special sessions in the county of Monroe, exclusive jurisdiction to try cases of misdemeanor therein specified, expressly saved to the accused the right to demand a trial in said courts according to law. (Laws 1870, chap. 47.) The case just referred to, and that of *The People ex rel. Murray* v. *Justices of Special Sessions* (18 Alb. L. J., 254), also cited for the prosecution, recently decided by the Court of Appeals, do not touch the question. The counsel for the people argues that as the misdemeanor with which the defendant was charged is a new offense, unknown to the common law, a jury trial cannot be demanded, as no express provision for that mode of trial is made by the charter in such case. The reverse, we think, is the law. As there is no provision that the trial shall be without a jury, the right to a trial by a jury of six, selected as provided by the general statute, exists.

The point is made by the defendant's counsel that his client had a right to give bail for his appearance before the grand jury. We think that right was cut off by the statute of 1854 above referred to ; but for the error involved in the denial of a jury trial in the court of sessions held by the police justice, the conviction should be reversed.

The defendant having given bail before the justice for his appearance at the next term of the Court of Sessions of Onondaga county, the judgment is to be remitted to that court, to be by it carried into effect. (2 R. S., 719, § 54.)

TALCOTT, P. J., and HARDIN, J., concurred.

Conviction reversed and proceedings remitted to the Court of Sessions of Onondaga county.